UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEXI RUGGIRELLO,

    Plaintiff,

v.

Case No. 23-cv-11279
Honorable Linda V. Parker

COUNTY OF LAPEER,

    Defendant.

_____/

**<u>OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS (ECF NO. 5)</u>**

This discrimination action, filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), arises from Plaintiff Lexi Ruggirello's former employment with Defendant County of Lapeer ("Lapeer").  The matter is presently before the Court on Lapeer's motion to dismiss (ECF No. 5), which has been fully briefed (ECF Nos. 6, 8).  Finding the facts and legal argument adequately presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons that follow, the Court is granting Lapeer's motion.

**Factual and Procedural Background**

Plaintiff Lexi Ruggirello ("Ms. Ruggirello") joined Lapeer as an assistant prosecuting attorney in early January 2020.  (ECF No. 1 at PageID. 3, ¶ 10.)  Ms.

Ruggirello became pregnant that June.  (*Id.* ¶ 11.)  In November 2020, the people of Lapeer elected a new prosecuting attorney, John Miller, who subsequently terminated Ms. Ruggirello's employment, claiming he was reorganizing the office. (*Id.* ¶¶ 12, 16, 17.)

Ms. Ruggirello retained counsel, who complained to Lapeer on or about January 5, 2021, that Ms. Ruggirello was terminated because of her pregnancy and, therefore, in violation of Title VII.  (*Id*. at PageID. 4, ¶ 24.)  On February 11, 2021, Ms. Ruggirello filed a Charge of Discrimination alleging sex discrimination with the Equal Employment Opportunity Commission ("EEOC").  (ECF No. 1-1 at PageID. 12.)

On or about February 17, 2021, the Michigan Indigent Defense Commission for Lapeer ("Commission") appointed Ms. Ruggirello to represent six defendants being prosecuted by Lapeer.  (ECF No. 1 at PageID. 4, ¶¶ 25-26.)  Ms. Ruggirello believed she had no conflicts of interest precluding her from accepting the appointments, and she accepted the cases.  (*Id*. at PageID. 4-5, ¶ 27.)  Prosecuting Attorney Miller, however, contacted the Commission, seeking to have Ms. Ruggirello's appointments terminated based on a conflict.  (*Id.* at PageID. 5, ¶ 29.) Although Ms. Ruggirello disputed this assessment (*see* ECF No. 5-2 at PageID. 40-41), she agreed to give up four of the cases because she authorized the warrants or

2

the warrants were authorized while she was in the prosecutor's office (ECF No. 1 at PageID. 5, ¶ 31; ECF No. 6-6 at PageID. 124).

On March 5, 2021, Ms. Ruggirello initiated a lawsuit against Lapeer in state court, asserting sex discrimination and retaliation in violation of Michigan's Elliott-Larsen Civil Rights Act ("state court action"). (*See* ECF No. 5-3.) Following discovery in the state court action, Lapeer filed a motion for summary disposition pursuant to Michigan Court Rule 2.116(C)(10), which the court denied on October 21, 2021. (ECF No. 6-9.) The parties subsequently participated in case evaluation and, on or about November 5, 2021, the panel found in favor of Ms. Ruggirello and awarded her $10,000. (*See* ECF No. 5-4 at PageID. 53.) Both sides accepted the award on December 3, 2021. (*See id.*; *see also* ECF No. 5-5 at PageID. 55.) On January 24, 2022, an order was entered dismissing the state court action with prejudice. (ECF No. 5-6 at PageID. 57.)

In the meantime, on November 14, 2021, Ms. Ruggirello's counsel sent an email and letter to the EEOC, stating:

> Because the EEOC has been investigating Ms. Ruggirello's charge in excess of 6 months, Ms. Ruggirello is requesting that the EEOC discontinue its investigation and issue her the right to sue so that she may pursue this matter in federal court.

(ECF No. 6-11 at PageID. 148.) The EEOC forwarded the request to the United States Department of Justice on August 29, 2022. (ECF No. 6-12 at PageID. 152-53.) The EEOC issued a Notice of Right to Sue on April 20, 2023, which was

3

transmitted by email to Ms. Ruggirello's counsel on the same date.  (ECF No. 6-13 at PageID. 156-57.)

On May 31, 2023, Ms. Ruggirello filed the present Title VII action asserting sex discrimination and retaliation.  (*See* ECF No. 1.)

## Applicable Law and Analysis

In its motion to dismiss, Lapeer argues that the present action is barred by claim preclusion.

"Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."  *Donald v. Frugal I, Inc.*, 74 F. App'x 593, 595 (6th Cir. 2003) (quoting *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997)).  Generally, a federal court deciding the preclusive effect of a prior state court judgment "must give the prior adjudication 'the same preclusive effect it would have under the law of the state whose court issued the judgment.'"[1]  *Id.* (quoting *Heyliger*, 126 F.3d at 851-52) (citing *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).  Thus, this Court turns to Michigan preclusion law.

---

[1] The rule is inapplicable "where the statute creating the federal cause of action eliminates, for such claims, the strictures of the Full Faith and Credit Act." *Heyliger*, 126 F.3d at 852 (citations omitted).  "Title VII contains no such repeal." *Id*. (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 470-72 (1982)).

4

Claim preclusion under Michigan law "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Alemarah v. Gen. Motors, LLC*, 980 F.3d 1083, 1086 (6th Cir. 2020) (quoting *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004)). Michigan courts broadly construe the doctrine of claim preclusion. *AuSable River Trading Post, LLC v. Dovetail Solutions, Inc.*, 874 F.3d 271, 274 (6th Cir. 2017) (citing *Adair*, 680 N.W.2d at 396). With respect to the third prong, Michigan courts apply a "reasonable diligence" standard for bringing claims to avoid issue preclusion. *Alemarah*, 980 F.3d at 1086 (quoting *Adair*, 680 N.W.2d at 396) ("As applied in Michigan, res judicata 'bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.").

Ms. Ruggirello does not dispute that the first and second requirements are satisfied here. (*See* ECF No. 6 at PageID. 86.) She argues, however, that the third prong is not satisfied because she could not have brought her Title VII claims before obtaining a right-to-sue letter. (*See generally id*.) She only received the letter on April 20, 2023, after the state-court litigation terminated. Yet, the Sixth Circuit has found claim preclusion applicable in similar circumstances in a number of cases. *See, e.g., Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1033 (6th Cir.

5

1989); *Heyliger*, 126 F.3d at 855-56; *Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008); *Donald v. Frugal I, Inc.*, 74 F. App'x 593, 596-97 (6th Cir. 2003); *Nosse v. Potter*, No. 23-3256, 2023 WL 8788874, *4 (6th Cir. Dec. 19, 2023)

The Court starts with *Heyliger*. There, the plaintiff filed a charge of discrimination with the EEOC, and initiated a state-court action alleging state law discrimination claims three months later. 126 F.3d at 851. The state court action remained pending for almost three years before summary judgment was granted to the defendants. *Id*. Two months later, the EEOC issued the plaintiff a right-to-sue letter, and the plaintiff filed a Title VII action in federal court three months later. *Id*.

Applying Tennessee preclusion law,[2] which is substantially similar to Michigan law, the Sixth Circuit found that the state court judgment precluded the federal action. *Id*. at 855-56. In doing so, the court rejected the plaintiff's argument that he was barred from asserting his Title VII claims in the state-court action because he did not receive the EEOC right-to-sue letter until after the state court's judgment. *Id*. The Sixth Circuit concluded that the plaintiff's "Title VII

---

[2] Under Tennessee law, claim preclusion applies if the actions "involve[] the same parties acting in the same capacities," the actions "touch[] the same subject matter," and the claims in the second action "were or reasonably could have been litigated" in the earlier action. *Heyliger*, 126 F.3d at 854 (citations omitted).

6

claim 'reasonably could have been litigated in state court.'" *Id*. at 856 (quoting *Whitfield v. City of Knoxville*, 756 F.2d 455, 459 (6th Cir. 1985)) (ellipsis removed).

The Sixth Circuit found that the plaintiff had "far more time than necessary" to obtain a right-to-sue letter during the three years the state litigation was pending. *Id*. at 855. "[T]he significant date," the court explained, "was 180 days after the date on which [the plaintiff] filed his complaint with the EEOC, at which point [he] could have requested, and been entitled to receive from the Attorney General forthwith, a right-to-sue letter." *Id*. The plaintiff then "could have folded his Title VII claim into his action in state court," in light of the state's liberal standard for allowing pleading amendments. *Id*. at 855-56.

Citing *Herrmann v. Cencom Cable Association, Inc.*, 999 F.2d 223 (7th Cir. 1993), and *Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir. 1992), the *Heyliger* court reasoned that "[r]equiring a plaintiff in Heyliger's shoes to seek a right-to-sue letter and to amend his complaint does not exceed the burden of a due diligence standard." *Heyliger*, 126 F.3d at 856. "Not requiring Title VII plaintiffs to comply with this requirement[,]" the Sixth Circuit further reasoned, "would mean . . . that 'a significant fraction of legally questionable discharges would give rise to two suits,' a result that would be 'inefficient and unduly burdensome[.]" *Id*. (quoting *Herrmann*, 999 F.2d at 225).

7

In *Rivers*, the court relied on *Heyliger* to find the plaintiff's second action barred by a prior lawsuit even though the plaintiff had not obtained a right-to-sue letter before the first action was dismissed. 143 F.3d at 1033. The plaintiff in *Rivers* filed a charge of discrimination alleging race and age discrimination with the Ohio Civil Rights Commission ("OCRC") on June 24, 1993. *Id.* at 1030. On February 24, 1994, she filed a civil suit in federal court alleging federal and state law claims. *Id.* The federal district court subsequently granted summary judgment to the defendant on the federal claims and declined to exercise supplemental jurisdiction over the state claim. *Id.*

Immediately thereafter, the plaintiff asked the OCRC to close its file so the EEOC could accept jurisdiction, and simultaneously asked the EEOC to issue a right-to-sue letter. *Id.* The plaintiff received two letters: a race-discrimination right-to-sue letter on May 20, 1996, and an age-discrimination right-to-sue letter on June 5, 1996. *Id.* Days later, she filed a second federal action asserting discrimination. *Id.* The Sixth Circuit concluded that this second action was barred by claim preclusion, finding "[t]he case for claim preclusion . . . even more compelling here [than in *Heyliger*] for at least two reasons." *Id.* at 1033.

The second reason is significant here. The court pointed out that, because the first action was filed more than 180 days after the plaintiff filed her claim with the EEOC, "she had a right under the statute to obtain her letter forthwith simply

8

upon request." *Id*. (citing 42 U.S.C. § 2000e-5(f)(1); *Heyliger*, 126 F.3d at 855). The court found that the plaintiff "made no showing why she could not have otherwise obtained the letter, and perfected her Title VII claim from the outset, much less why she failed to do so during the two-year pendency of [the first lawsuit]." *Id*. The plaintiff's ability with reasonable diligence to bring Title VII claims in an earlier action also led the Sixth Circuit to apply claim preclusion more recently in *Donald v. Frugal I, Inc.*, 74 F. App'x 593 (2003).

In *Donald*, the plaintiffs filed EEOC charges, followed by complaints in state court asserting violations of the Tennessee Human Rights Act. *Id.* at 594-95. While their state-court lawsuits were pending, the plaintiffs wrote the EEOC requesting right-to-sue letters. *Id.* Within a year of filing the state court actions, the defendant made each plaintiff an offer of judgment, which the plaintiffs quickly accepted. *Id.* The EEOC shortly thereafter issued right-to-sue notices to the plaintiffs. *Id.* The state court subsequently entered judgment in the plaintiff's cases. *Id*. at 595. A day later, the plaintiffs filed a complaint in federal court alleging violations of Title VII. *Id*.

While the Sixth Circuit found *Heyliger* distinguishable because the *Donald* plaintiffs "exercised reasonable diligence in trying to obtain their Right to Sue letters[,]" which they did not obtain before accepting the offers of judgment, the court concluded that "the distinction is immaterial[.]" *Id.* at 597. The *Donald*

9

court reasoned that the plaintiffs "could and should have made an effort in state court to bring all of their claims in one venue." *Id.* Instead, the court found "they did the opposite: a mere four months after filing her state court complaint, and before receiving her Right to Sue letter, each plaintiff moved to set a date for trial, and neither plaintiff made any effort to add her federal claims once she had received that letter." *Id.* Further, they "ha[d] not shown any formal barriers[] that prevented them from seeking to stay their state court actions and amend their complaints to include their Title VII claims." *Id*. (internal quotation marks and citation omitted).

The *Donald* court concluded by observing that "[e]xceptions to the doctrine of claim preclusion should, as a matter of judicial policy, be granted with great caution[,]" and found "no reason to except th[e] case from the application of that salutary principle." *Id.* The same result in the present matter is compelled by this decision, along with *Heyliger* and *Rivers*.

Ms. Ruggirello "could and should have made an effort in state court to bring all of [her] claims in one venue." *Donald*, 75 F. App'x at 597. She failed to exercise reasonable diligence to do so. Under Title VII, "180 days after [Ms. Ruggirello] filed her claim with the EEOC, she had a right under the statute to obtain her [right-to-sue] letter forthwith simply upon request." *Rivers*, 143 F.3d at 1033 (citing 42 U.S.C. § 2000e-5(f)(1); *Heyliger*, 126 F.3d at 855); *see also* 29

10

C.F.R. § 1601.28.  Thus, as of August 10, 2021, marking 180 days after she filed her claim with EEOC, Ms. Ruggirello had a right to the letter.  *See* 42 U.S.C. § 2000e-f(1).  She mistakenly believes that she "diligently pursued the Right to Sue letter in her Charge" by requesting the letter" on November 14, 2021.  (*See* ECF 6 PageID. 88.)  Yet she waited another three months, until November 14, to request it.  The state court action was still pending at that time and, in fact, remained open for another two months.  During the 325 days the state action was pending (that is, from March 5, 2021 until January 24, 2022), Ms. Ruggirello could have asked the state court to stay the litigation until she obtained the right-to-sue letter.[3]

    For these reasons, the Court concludes that all of the requirements of claim preclusion are satisfied here.  As Ms. Ruggirello concedes, the state court litigation was decided on the merits and both actions involve the same parties.  Had Ms. Ruggirello exercised reasonable diligence, her Title VII claims could have been resolved in the state court litigation.

    Accordingly,

---

[3] Undoubtedly, there was delay between the time Ms. Ruggirello requested the letter from the EEOC to when the request was transmitted by the EEOC to the Department of Justice, and then to when the letter was issued.  The state court judgment had been entered by that point.  However, this delay would not have mattered if Ms. Ruggirello had requested a stay of the state court litigation while she waited to receive the letter.

**IT IS ORDERED** that Defendant County of Lapeer's motion to dismiss (ECF No. 5) is **GRANTED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: February 12, 2024